Exeter Bank *v.* Stowell.

## EXETER BANK *v.* STOWELL and a.

In an action upon a note, in which the makers "jointly and severally all as principals, promise," the defendants shall not prove by verbal evidence that some of them were sureties.

ASSUMPSIT on a promissory note in the following words :

"Exeter, May 31, A. D. 1841. For value received, we jointly and severally all as principals promise the president, directors, and company, of the Exeter Bank, to pay them or order, twenty-five hundred dollars on demand with interest after four months," and signed by the defendants.

Each of the defendants pleaded that he did not promise jointly and severally with the others.

On the note was indorsed the sum of $250, on the day of its date.

The defendants offered evidence tending to show an agreement between the plaintiff and Stowell, to extend the time of payment of the note; and also offered evidence that Stowell was the principal, and that the other defendants were merely sureties on the note.

The plaintiff objected to this evidence on account of the words in the note describing the signers " all as principals ;" and contended, that by the insertion of the above words the character of the note was so far changed that evidence that the other signers were sureties only was inadmissible.

A verdict was taken by consent for the plaintiff, subject to the opinion of this court for determination.

*Bartlett,* for the plaintiff.

*Bell,* for the defendants.

WOODS, J.    The only question arising upon this case is, whether the evidence offered is admissible for the purpose for which it was offered; and the proper determination of that, depends upon the question, whether the effect of it would be to vary the written contract, or whether the proof that certain of the defendants were sureties and not principals would be consistent with the terms of an undertaking in which they describe themselves as being all principals.    For no rule of law is better settled than that which precludes a party sued upon a contract which he has reduced to writing and signed, from introducing mere verbal proof that the contract that he really made was a different one, and so setting up the memory of man, for which the written memorial of the truth was designed as a substitute, to obliterate the record that he himself has

made, and to demolish the monument that his own hands have erected to establish the evidence of what he had done. No authorities are required upon this elementary principle of evidence.

In the note upon which the action is founded, the defendants say, "We jointly and severally all as principals promise;" that is, they promise as principals promise, and with the same legal effect. They bind themselves to do the same things that principals are bound to do, who sign a note for the payment of money. If the words were put there for any purpose whatever, it is plain that they were put there for the purpose of signifying a promise on the part of each who signed the note, that he would pay that note, notwithstanding events might occur which, but for those words, would have the legal effect of exonerating him from the duty of paying it.

Let us suppose for a moment that in point of fact all the parties but one were sureties, and the plaintiffs in taking the note so distinctly understood it. They promise, nevertheless, that they will assume the duties and obligations of principals, and will claim none of the exemptions incident to the relation of suretyship. Would not the words " all as principals," have the effect of embodying such a stipulation in the contract? If so, then the contract as here written does without doubt carry a meaning other than that which would attach to it without those words.

The conclusion then is not to be resisted or evaded, that evidence showing that they did not undertake as principals, but assumed only the more inferior obligations of sureties, would as plainly contradict the purport of the note, as if the defendants were to prove that it was twenty-five dollars instead of twenty-five hundred, that they had promised to pay. The evidence was properly rejected, and there must be

*Judgment on the verdict.*